IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CINDY NAPIER                                                    PLAINTIFF


        v.                            CIVIL NO. 12-5095


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                  DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Cindy Napier, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claim for supplemental security income (SSI) benefits under the provisions of Title

XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether

there is substantial evidence in the administrative record to support the Commissioner's decision.

See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed her current application for SSI on March 12, 2010, alleging

an inability to work due to severe depression, difficulty reading and writing, and possible

Hepatitis C.  (Tr. 115).  An administrative hearing was held on February 15, 2011, at which

Plaintiff appeared with counsel and testified. (Tr. 29-50).

        By written decision dated March 15, 2011, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: major depressive disorder and anxiety.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 15).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: She is able to perform work where interpersonal contact is incidental to work performed; e.g., assembly work; where the complexity of tasks is learned and performed by rote and with few variables and with the exercise of little judgment.  She requires simple, direct and concrete supervision.

(Tr. 17).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeper, a meat processor, a groundskeeper, and a hand packager.  (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 10, 2012. (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8,9).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

-2-

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

-3-

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred when he unreasonably determined that Plaintiff could not be disabled by mischaracterizing Plaintiff's abilities; and 2) the ALJ erred by failing to consider all of Plaintiff's impairments and the combined effect of Plaintiff's multiple conditions.

**A.    Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective

-4-

complaints, including the <u>Polaski</u> factors.  As pointed out by the ALJ, the record revealed that Plaintiff was able to help baby-sit her three-year-old granddaughter; take care of her personal needs; make simple meals; shop in stores, but as little as possible; and watch television.  The ALJ further noted that Plaintiff's son completed a Third-Party Function Report wherein he indicated that Plaintiff was able to do household chores and yard work but choose not to do so. The ALJ also noted that Plaintiff's son indicated that while Plaintiff did not like crowds, Plaintiff regularly went to a friend's house every chance she could.

With regard to Plaintiff's alleged disabling migraine headaches, the ALJ noted that Plaintiff did not seek on-going and consistent treatment for these alleged headaches.  The ALJ also noted that Plaintiff's treating physician did not prescribe medication or indicate that further assessment was warranted for Plaintiff's alleged disabling headaches.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. <u>Murphy v. Sullivan</u>, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  The record also revealed that Plaintiff was able to come up with the funds to support her smoking habit during the relevant time period.

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

AO72A
(Rev. 8/82)

**B.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 14).  The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 15). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**C.    The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

AO72A
(Rev. 8/82)

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, the assessment of an examining consultative examiner, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform work at all exertional levels with some non-exertional limitations. In making this determination, the ALJ noted that while Plaintiff had been found eligible for financial assistance for her treatment at Ozark Guidance, Plaintiff did not seek on-going and consistent care for her mental impairments. The ALJ also noted that Dr. Terry L. Efird, the consultative examiner, opined that Plaintiff could communicate and interact in a reasonably social manner; that Plaintiff had the capacity to perform basic cognitive tasks required for basic work-like activities; that Plaintiff had no remarkable problems with attention or concentration; that Plaintiff had no remarkable problem with persistence, and that Plaintiff could persist in activities if desired; and that Plaintiff had no problem with mental pace of performance.

Plaintiff's capacity to perform work at all exertional levels with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**D.    Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a

AO72A
(Rev. 8/82)

whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing work as a housekeeper, a groundskeeper, and a hand packager.[2] <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of July, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court notes that the vocational expert testified that Plaintiff could also perform work as a meat processor. However, as noted and properly discussed by the ALJ, Plaintiff appears to have tested positive for Hepatitis C, a communicable disease, therefore the work as a meat processor is not included in the work Plaintiff could perform.

AO72A
(Rev. 8/82)